## 10923

### STATE v. ANDREWS

#### (113 S. E. 119)

1. CRIMINAL LAW—EXCEPTIONS TO OVERRULING MOTION FOR NEW TRIAL CANNOT BE CONSIDERED, WHERE RECORD DOES NOT SHOW MOTION WAS MADE ON GROUNDS STATED IN EXCEPTIONS.—Exceptions to the overruling of a motion for a new trial cannot be considered, where the record does not show that the motion was made on any of the grounds set forth in the exceptions.

2. WITNESSES—TESTIMONY BY SHERIFF THAT DETECTIVES TURNED WHISKEY OVER TO HIM ON NIGHT OF ARREST HELD ADMISSIBLE.—In a prosecution for violation of the Prohibition Law, testimony by the Sheriff that detectives turned over to him a quart of whiskey on the night of the arrest, was admissible to corroborate testimony of the detectives that they had secured a bottle of whiskey from the defendant.

Before TOWNSEND, J., Anderson. Affirmed.

M. Frank Andrews indicted for violation of the prohibition laws and upon conviction appeals.

*Messrs. H. C. Miller* and *M. L. Bonham,* for appellant, cite: *Against public policy to encourage citizen to violate the law so he can be caught*: 103 S. C. 331; 51 Pac. 1015; 58 Pac. 796; 67 Pac. 373; 223 Fed. 415; 6 Tex. App. 665; 193 Fed. 968; 202 Fed. 349; 80 Fed. 513; 80 Fed. 674.

*Mr. L. W. Harris, Solicitor,* for respondent, cites: *Exceptions cannot be considered where they were not raised on trial*: Rule S. C. 9 Sec. 2; 80 S. E. 710; 89 S. E. 472 85 S. E. 720; 91 S. E. 314. *As to hired witnesses*: 92 S. E. 1033.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment for violation of the Prohibition Law. From verdict of guilty and judgment, defendant appeals.

The first five exceptions charge error in the re-
fusal of the defendant's motion for a new trial
upon various grounds. As the record for appeal
does not show that the motion for a new trial was made
upon any of the grounds set forth in the exceptions, it does
not appear that said grounds were passed upon by the Circuit
Judge; the exceptions cannot therefore be considered.

The sixth exception charges error in allowing the
sheriff to testify that the detectives turned over to
him a quart of whiskey, the night of the arrest.
The testimony was introduced in corroboration of the
testimony of the detectives that they had secured a bottle
of whiskey from the defendant and was admitted for
that purpose.

The judgment of this Court is that the judgment of
the Circuit Court be affirmed.